UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                  CRIMINAL NO. 21-20306

v.                                               HON. SEAN F. COX

DIMARIO EUGENE WILLIAMS,

      Defendant.

_____/

**<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>**

Defendant Dimario Eugene Williams knowingly made false statements in order to purchase approximately twenty firearms. For the reasons stated in this memorandum, the government recommends a sentence of 12 months' imprisonment as "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

    **I.**    **Facts and Procedural History**

On September 14, 2020, Williams purchased a Taurus, Spectrum, .380 caliber pistol from CC Coins LLC in Dearborn Heights, Michigan, a federally licensed firearms dealer. On the ATF Form 4473 that Williams completed in order to purchase this firearm, he knowingly and falsely indicated that he was the actual

1

buyer of the firearm. Williams actually purchased the firearm for another individual nicknamed "Vino" with money that Vino provided to Williams. After purchasing the firearm, Williams gave it to Vino. Williams made a profit of $500 for purchasing this firearm.

Federal agents interviewed Williams on October 6, 2020. Williams was advised of his *Miranda* rights, waived them, and agreed to answer questions. He told agents that he purchased the Taurus, Spectrum pistol for Vino. Williams also told agents that he purchased multiple firearms for other people because he needed to make money. The unidentified people gave Williams money for the cost of the firearms and an additional $500.00 for each firearm Williams purchased. Williams stated that his firm price for purchasing firearms for other people was $500.

Federal agents obtained documentation indicating that Williams purchased 25 firearms from March 6, 2020 to September 14, 2020. The Detroit Police Department (DPD) recovered one of these firearms—a Ruger, model SR40, .40 caliber pistol—from a different person who was under indictment only eight days after Williams purchased it. DPD recovered a second firearm—a Taurus G2C 9mm pistol—from a felon only 23 days after Williams purchased it.

On May 5, 2021, the grand jury returned an indictment charging Williams with four counts of making false statements during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2). (ECF No. 13, Indictment). On

August 6, 2021, Williams entered a plea of guilty to Count Four pursuant to a Rule 11 plea agreement. (ECF No. 21, Plea Agreement). The parties have no outstanding objections to the Presentence Investigation Report (PSR). The probation department has calculated that Williams's sentencing guideline range is 12 to 18 months, based on an offense level of 13 and a criminal history category of I. This Court has set Williams's sentencing for December 10, 2021.

## II. Section 3553(a) Factors

The government recommends a sentence of 12 months' imprisonment. The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338, 347 (2007). The Guidelines are meant to "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. The Guidelines serve as the "starting point" for choosing a sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). The factors and objectives of 18 U.S.C. § 3553(a), as applied to Williams, are set forth below, and they support a sentence of 12 months' imprisonment.

### A. The Nature and Circumstances of Williams's Offense

Williams placed the public at risk by purchasing multiple firearms for known and unknown individuals, including persons prohibited from purchasing or

possessing firearms. Most of these firearms remain unaccounted for and in the community, likely in the hands of people who should not be possessing them.

### B. Williams's Criminal History and Characteristics

This is Williams's first conviction. Williams violated his conditions of pretrial release in this case by testing positive for cannabinoids in January and again in March. PSR ¶ 8.

Williams is 23 years old. He is in a long-term relationship with the mother of his three young children (ages 3, 2, and 1). *Id.* at ¶ 37. Williams reported having had a good upbringing without any abuse or neglect. *Id.* at ¶ 36. He indicated that his family is supportive of him. *Id.* at ¶ 38.

Williams reported punching through a wired window on one occasion and punching a door on another occasion. *Id.* at ¶ 41. Williams has a history of abusing alcohol and marijuana. *Id.* at ¶ 45. Williams obtained a high school diploma. *Id.* at ¶ 51. He has a history of being employed on and off over the last several years. *Id.* at ¶¶ 53-57. However, since being fired in 2019, he has been unable to maintain a job for more than two months. He is currently unemployed awaiting a start date with Courtyard Marriott. *Id.* at ¶ 82.

### C. The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

Williams's offense is serious, and law enforcement has only been able to recover a few of the firearms that Williams purchased for others. A sentence of 12 month's imprisonment would promote respect for the law and provide just punishment for the offense.

### D. The Need to Afford Adequate Deterrence and Protect the Public

The government recommends a sentence of 12 months' imprisonment that will deter Williams from violating the law in the future as well as deter others similarly situated from engaging in similar conduct.

### E. The Need to Provide Williams with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment

Although "imprisonment is not an appropriate means of promoting correction and rehabilitation," 18 U.S.C. § 3582(a), a court may "discuss[] the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," *Tapia v. United States*, 564 U.S. 319, 334 (2011).

Williams has indicated that he would like to continue his education. He may benefit from an occupational education program, substance abuse treatment, and/or cognitive-behavioral treatment. These programs and treatment options may help to stabilize Williams and decrease the likelihood of recidivism. The government does

not oppose the Court imposing special conditions such as participation in any such program as deemed appropriate by the Court and probation.

### III. Conclusion

The government recommends a sentence of 12 months' imprisonment.

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

s/*Lisandra Fernandez-Silber*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9122
Lisandra.Fernandez-Silber@usdoj.gov

Dated: December 3, 2021

## Certificate of Service

I certify that on December 3, 2021, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record.

>  s/*Lisandra Fernandez-Silber*
>  Assistant United States Attorney
>  211 W. Fort Street, Suite 2001
>  Detroit, Michigan 48226
>  (313) 226-9122
>  Lisandra.Fernandez-Silber@usdoj.gov